IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13 PM 4:51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
     DEPUTY

ROBERT BURKETT,
               Petitioner,

-vs-                                                        Case No. A-14-CA-298-SS

MICHAEL PEARCE, Warden, FCI Bastrop,
               Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Robert Burkett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1], and the Report and Recommendation of the United States Magistrate Judge [#3] (R&R), to which Burkett has not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the R&R and DISMISSING Burkett's Petition.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Burkett is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Burkett was convicted in the United States District Court for the Western District of Washington of Possession of a Firearm by a Convicted Felon—Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). The indictment in that case charged five prior convictions the Government argued were qualifying "violent felonies" under the Armed Career Criminal Act (ACCA):[1] two convictions for Residential Burglary, two convictions for Robbery in the First Degree, and one conviction for Unlawful Possession of a Short-Barreled Rifle. On June 25, 2009, the district court sentenced Burkett to 180 months imprisonment (the mandatory minimum sentence), followed by a five-year term of supervised release. On direct appeal, the Ninth Circuit rejected Burkett's sole argument that the district court had improperly denied his motion to suppress. *United States v. Burkett*, 612 F.3d 1103 (9th Cir. 2010). Burkett did not petition the Supreme Court for a writ of certiorari, and did not file a § 2255 motion.

On April 7, 2014, Burkett filed this § 2241 motion alleging he is "actually innocent" of being an armed career criminal because his burglary convictions and his unlawful possession conviction should not be considered violent felonies under the ACCA.

## Analysis

As the Magistrate Judge explained, the central issue in this case is whether Burkett's claims are properly raised in a § 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a § 2255 motion to correct, vacate, or set aside a sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Under § 2255, relief is warranted if an error "occurred at or prior

---

[1] The ACCA imposes a fifteen-year mandatory minimum sentence on any offender who has three prior convictions "for a violent felony or a serious drug offense." 28 U.S.C. § 924(e)(1).

to sentencing." *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980). By contrast, § 2241 "is used to attack the manner in which a sentence is executed." *Tolliver*, 211 F.3d at 877. "Nevertheless, a § 2241 petition attacking a federally imposed sentenced may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective." *Id.* at 878.

Burkett's claims for relief are based on alleged errors occurring at or prior to sentencing. Thus, to bring his claims in a § 2241 proceeding, Burkett must show the remedy under § 2255 is inadequate or ineffective. *Tolliver*, 211 F.3d at 877–78. "Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (internal quotation marks omitted). It is not enough for Burkett to show he was previously denied relief under § 2255, or show he is now barred by either limitations or the successive-petition bar from seeking relief under § 2255. *Id.* at 452–53; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To demonstrate inadequacy or ineffectiveness in the Fifth Circuit, Burkett must show: "(1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

Burkett cannot meet either requirement. First, Burkett's "actual innocence" claim is not based on a retroactively applicable Supreme Court decision. Burkett argues his prior convictions should not be considered violent felonies under the approach announced in *Begay v. United States*, 553 U.S. 137, 141 (2008). Because *Begay* was decided before Burkett was sentenced in 2009, his argument could have been raised before the district court at sentencing, before the Ninth Circuit on direct

appeal, and in a timely § 2255 motion. Burkett thus cannot show the § 2255 remedy is inadequate or ineffective. Second, Burkett has not shown his claims were foreclosed by circuit law at the time of his trial, appeal, or § 2255 motion. Burkett does not even attempt to meet this burden, and cites no authority from the Ninth Circuit addressing the issue. Accordingly, Burkett cannot obtain the relief he seeks through a § 2241 petition.

Burkett asks this Court to apply *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), in which the Eleventh Circuit held a prisoner had satisfied the requirements of the § 2255 savings clause. As an initial matter, *Bryant* is irrelevant because it is not binding law in the Fifth Circuit. The requirements to invoke the § 2255 savings clause in the Fifth Circuit are discussed above, and Burkett cannot meet those requirements. But even if this Court were required to follow *Bryant*, the outcome would be no different. *Bryant* held the petitioner there could invoke the § 2255 savings clause because his argument had been foreclosed by binding circuit precedent at the time he was sentenced and through his direct appeal and § 2255 motion, but was subsequently overturned by the Supreme Court in a decision expressly held to be retroactively applicable on collateral review. Here, Burkett has not identified any binding precedent foreclosing his argument at the time; he has not identified any Supreme Court opinion overturning that precedent; and he has not shown that Supreme Court opinion to be retroactively applicable on collateral review. *Bryant* is wholly distinguishable from Burkett's case, and offers him no relief.

As the Magistrate Judge explained, the Fifth Circuit has repeatedly held claims of actual innocence regarding the career criminal enhancement—as opposed to actual innocence of the crime of conviction—are insufficient to invoke the savings clause of § 2255. *E.g.*, *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000); *see also Wiwo v. Medina*, 491 F. App'x 482, 483 (5th Cir. 2012)

(unpublished); *McCorvey v. Young*, 487 F. App'x 928, 928 (5th Cir. 2012) (unpublished). Burkett's case is no different.

## Conclusion

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#3] is ACCEPTED;

IT IS FINALLY ORDERED that Petitioner Robert Burkett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE.

SIGNED this the 13th day of June 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE